# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CARL DENNIS YOUNG                                                                           PLAINTIFF

V.                                                                         NO. 4:14-CV-00109-DMB-JMV

JAMES SIMONIAN, ET AL.                                                                   DEFENDANTS

## MEMORANDUM OPINION

The Court, *sua sponte*, reviews the *pro se* prisoner complaint of Carl Dennis Young filed under 42 U.S.C. § 1983 for consideration of dismissal. Plaintiff's complaint and amended complaint consist of a meandering stream-of-consciousness list of wild and incredible allegations – most of which, even if true, occurred far outside the three-year statute of limitations in § 1983 cases. Young alleges on page four of his amended complaint, among other things, that Defendants completed and disguised "their criminal activity altering my glands and drugging the plaintiff under [anesthetics] altering my rectum with another gender and having me sexually assaulted altering my dental records and having cosmetic surgery done to protect the identity of imposters." Doc. #13. He then alleges that "[j]udicial authority is being surrendered to imposters falsifying federal documents robbing the federal reserve … judicial officials and politicians placing hits on its own citizens to protect the criminal activity of imposters." *Id.* The documents Young has attached to his complaint and amended complaint show that he has been examined after complaining of organ removal and other nefarious acts, and – after physical examination and multiple x-rays – medical personnel found him to be in good health, organs, glands, and other body parts intact. Young includes other claims equally based in fantasy or delusion.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has concluded that the

complaint is wholly without substantive merit. The complaint does not state how any of the defendants are connected to the events he describes in his complaint. A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In addition, judges have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless … . Examples … are claims describing fantastic or delusional scenarios … ." *Id.* at 327-28. Plaintiff's contentions unquestionably are examples of "fantastic or delusional scenarios." As such, they should be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this opinion will be entered today.

**SO ORDERED**, this the 23rd day of October, 2014.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**